## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERRY JERON DANIELS,** | **:** | |
| **Plaintiff** | **:** | **CIVIL ACTION NO. 3:23-1540** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **BETH LAZUSKY,** *et al.,* | **:** | |
| **Defendants** | **:** | |

## <u>MEMORANDUM</u>

Currently before the Court are Defendants' motions to dismiss (Doc. 18) *pro se* Plaintiff Jerry Jeron Daniels ("Daniels")'s amended complaint in which he asserts claims for violations of the federal Criminal Code, the Pennsylvania Constitution, and the United States Constitution (through 42 U.S.C. §1983), Daniels's motions to amend his amended complaint, (Doc. 20, 21) and Daniels's motion for the Court to take judicial notice. (Doc. 25). For the reasons set forth below, the Court will deem Daniels's motions withdrawn for his failure to file supporting briefs in accordance with the Local Rules, grant the parts of Defendants' motion to dismiss pertaining to Daniels's claims for violations of the Criminal Code and the Pennsylvania Constitution and dismiss those claims with prejudice, deny as moot the parts of the motion to dismiss relating to Daniels's Section 1983 claims, dismiss without prejudice Daniels's Section 1983 pursuant to the Court's screening

authority under 28 U.S.C. §1915(e)(2)(B), and decline to grant Daniels leave to file an amended complaint.

## I.    BACKGROUND

Daniels, a convicted state prisoner, commenced this action by filing a complaint against Defendants Beth Lazusky ("Lazusky"), Thomas Sokaloski ("Sokaloski"), Jennifer Newberry ("Newberry"), and Peter Damiter ("Damiter"), which the Clerk of Court docketed on September 15, 2023. (Doc. 1.) He also filed a motion to appoint counsel (Doc. 2), which this Court denied as premature on October 5, 2023 (Doc. 5).

Unfortunately, Daniels neither remitted the filing fee nor sought leave to proceed *in forma pauperis* when he filed his complaint. As such, an Administrative Order issued requiring Daniels to either remit the fee or apply for leave to proceed *in forma pauperis*, or risk dismissal of this action. (Doc. 4.) Daniels timely complied with the Administrative Order by filing an application for leave to proceed *in forma pauperis* ("IFP Application") and a certified prisoner trust fund account statement, both of which the Clerk of Court docketed on October 13, 2023. (Docs. 6, 7.)

Having reviewed Daniels's complaint and observing that it did not contain any factual allegations to support his legal claims, the Court entered an Order on November 1, 2023, which, *inter alia*, required Daniels to file an

amended complaint within thirty (30) days. (Doc. 10.) Daniels timely complied with this Order by filing an amended complaint on November 30, 2023. (Doc. 12.)

In his amended complaint, Daniels once again named Lazusky, Sokaloski, Damiter, and Newberry as Defendants. (*Id.* at 1–2.) However, he also added Kathy Brittain ("Brittain"), the Superintendent of Pennsylvania State Correctional Institution Frackville ("SCI Frackville") as a Defendant. (*Id.*) He also indicated that Lazusky, Sokaloski, and Damiter also worked at SCI Frackville and alleged that Lazusky is a grievance coordinator, Sokaloski is the "DSFM" (Deputy Superintendent for Facilities Management), and Damiter is the "CCPM" (Corrections Classification Program Manager).[1] (*Id.*)

Regarding his legal claims, Daniels alleges that Defendants violated two criminal statutes, 18 U.S.C. §§ 241 and 242, his Fourth Amendment right to be free from unreasonable searches and seizures, his Eighth Amendment right to be free from cruel and unusual punishment, his Fourteenth Amendment rights to due process and equal protection, and his rights under Article I, Sections 8 and 9 of the Pennsylvania Constitution. (*Id.* at 4.) Daniels also appears to assert that Defendants violated the Thirteenth Amendment's

---

[1] Daniels lacks knowledge of Newberry's role at SCI Frackville. *See* (Doc. 12 at 2 (using question marks to fill out portions of form complaint requiring him to identify Newberry's current job title)).

slavery prohibition. (*Id.* at 5.) He purports to bring all these claims under 42 U.S.C. §1983. (*Id.* at 1.) Also, while very difficult to understand due to how Daniels drafted the amended complaint, it appears that these claims are based on (1) his contention that Defendants "defaulted" on a grievance he submitted insofar as Newberry untimely responded to a grievance he submitted and (2) his belief that he is wrongfully incarcerated insofar as "no criminal charges were ever Filed [sic] to have [him] . . . in prison." (*Id.* at 4.) He also asserts that Defendants are "[t]rying to protect [the] Pennsylvania Parol [sic] Board." (*Id.* at 5.) For these claims, Daniels seeks monetary relief. (*Id.* at 5.)

A day after the amended complaint was docketed, the Court entered an Order which, *inter alia*, granted the IFP Application and directed the Clerk of Court to send waiver of service forms to Defendants. (Doc. 13.) Defendants waived service (Doc. 16), and then filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 2, 2024. (Doc. 18.) Two (2) weeks later, Defendants filed a brief in support of their motion to dismiss. (Doc. 19.) Daniels has not filed a brief in response to the motion to dismiss.

Instead, Daniels responded to the motion to dismiss by filing duplicate motions seeking permission to file a second amended complaint, which the

Court docketed on March 12, 2024. (Docs. 20, 21.) In these motions, Daniels

seeks to amend his complaint to include three pages of his criminal history

records which would allegedly show that defense counsel committed fraud

upon the Court when submitting Defendants' supporting brief. (Docs. 20 at

1; 21 at 1.) Daniels also requests that the Court take judicial notice of various

state-court dockets, dockets for other civil cases he has filed in this District

(such as Nos. 23-cv-1214, 23-cv-1409, 23-cv-1539, and 23-cv-1540), and a

Commonwealth of Pennsylvania Department of Corrections "Move Sheet."

(Doc. 20 at 1–2; 21 at 1–2.) He then goes on to state the following about his

proposed amendment:

> Plaintiff will show that he was and still is being kidnapped by
> defendants when no criminal charges were ever field [sic] in 2006
> or 2021 by any officer of this Commonwealth. records [sic] will
> never lie [sic] people will though. Just look [sic] the Deputy
> Attorney's General all are trying to cover up the fact that plaintiff
> has been denied due process of law and was never duly
> convicted according to law. These types of injustices have been
> occurring through this commonwealth [sic]. do [sic] not believe
> me just take a look at any Common Pleas Docket Sheet from any
> count of this commonwealth [sic] it will say "awaiting filing of
> information" [sic] "awaiting Formal Arraignment" [sic] "Held for
> Court (Lower Court) [sic] <u>Defendant Was Present</u>, Proceed to
> Court [sic] <u>Defendant Was Not Present</u>. This is were [sic] thr [sic]
> fraud starts or should plaintiff say at the illegal arrest without an
> arrest warrant ever being issued moreless [sic] returned served.
> Plaintiff [sic] **CHRI** PROVES everything plaintiff's [sic] has stated
> from the start [sic] its [sic] a lot of fraud going on in this
> Commonwealth and Plaintiff not being from Pennsylvania knew
> that you **MUST** see a judge within 48 hours of arrest. here [sic]
> its [sic] the opposite go to jail [sic] bill a case [sic] then illegally

charge plaintiff. Not on my watch [sic] and the deputy Attorney General's [sic] have the **<u>AUDACITY</u>** to file untrue documents. They need [sic] reported to the Pennsylvania Bar Association immediately. Plus to have all cases looked at that all Deputy AG's have tried in Federal court. Its [sic] no way that they have an **"OATH OF OFFICE"** Oh while on that subject why isn't the Governor and Attorney General "OATH OF OFFICE" in the <u>Office of the Secretary Of [sic] Commonwealth.</u> [sic]

(Doc. 20 at 2; 21 at 2.)

On March 18, 2024, Daniels filed copies of Initial review responses to grievances he filed at SCI Frackville. (Doc. 22.) On May 8, 2024, Daniels filed a "Motion to Take Judicial Notice of Title 61 Pa. C.S. §6117. Official Seal." (Doc. 25.) Defendants' motion to dismiss and Daniels's motions are ripe for disposition.

## II.    LEGAL STANDARDS

### A.    Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Thus, a complaint that contains only

"labels and conclusions," or a "formulaic recitation of the elements of a cause of action" is insufficient. *Id.*

A defendant may move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not require probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" liability do not satisfy this standard. *Id.*

While the Court at this stage accepts the complaint's factual allegations as true, the Court does not do so to a plaintiff's legal conclusions. *See id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In addition, "[d]etermining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The federal pleading standard just described requires that district courts conduct the following analysis when addressing a motion to dismiss a complaint:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations and quotations omitted).

*Pro se* filings such as Daniels's amended complaint must be construed "liberally." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). That means that the Court should "remain flexible," and "apply the relevant legal principle even when the complaint has failed to name it." *Id.* It does not mean, however, that *pro se* litigants may "flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## B.   The Court's Continued Screening Obligation of Complaints Under 28 U.S.C. §1915(e)(2)(B)

Because the Court previously granted Daniels leave to proceed *in forma pauperis* (Doc. 13), the Court has a continuing obligation to examine whether his amended complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. §1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case **at any time** if the court determines that-- . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief" (emphasis added)). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). A complaint is malicious if, after "engag[ing] in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit," the Court determines that "the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats

pending or previously litigated claims." *Brodzki v. CBS Sports*, No. 11-cv-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). Finally, when considering whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim is identical to the legal standard described above when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)).

## C.    Section 1983

Section 1983 is the statutory vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. §1983. This statute states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution of laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa.

2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002)). "To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III.    DISCUSSION

### A.    Daniels's Motions to Amend His Amended Complaint and Motion to Take Judicial Notice

As stated above, Daniels filed duplicate motions to amend his complaint (Docs. 20, 21) as well as a motion for the Court to take judicial notice (Doc. 25). The Court will deem these motions withdrawn due to Daniels's failure to file briefs in support of the motions. <u>See</u> M.D. Pa. L.R. 7.5 ("Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. ... If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.").

### B.    Defendants' Motion to Dismiss the Amended Complaint

Defendants move to dismiss Daniels's claims for violations of 18 U.S.C. §§ 241 and 242 because they do not provide for a private right of action, his Section 1983 claims for their lack of personal involvement in any constitutional violation, and his Section 1983 claims and claims for violations

of the Pennsylvania Constitution for the failure to state a plausible claim for relief. (Doc. 19 at 3, 4–14.) For the reasons stated below, the Court will grant Defendants' motion to dismiss Daniels's claims for violations of the Criminal Code and the Pennsylvania Constitution. As for Daniels's Section 1983 claims, the Court will not address the merits of Defendants' persuasive arguments for dismissal of these claims because those claims are precluded by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, the Court will dismiss Daniels's Section 1983 claims under Section 1915(e)(2)(B)(ii) instead of pursuant to the grounds set forth in the motion to dismiss.

### 1.   Claims for Violations of 18 U.S.C. §§241 and 242

Defendants move to dismiss Daniels's claims for purported violations of 18 U.S.C. §§241 and 242. (*Id.* at 4–5.) The Court will grant this part of Defendants' motion.

18 U.S.C. §§241 and 242 are federal criminal statutes which, along with 18 U.S.C. §245, establish criminal liability for certain deprivations of civil rights and conspiring to deprive civil rights. Daniels may not assert claim for violations of Sections 241 and 242 in this civil case because there is no private right of action under federal criminal statutes. *See Davis v. Warden Lewisburg USP*, 594 F. App'x 60, 61 n.3 (3d Cir. 2015) (unpublished)

(explaining that plaintiff's claim for alleged violation of his civil rights under 18 U.S.C. §242 was "meritless because §242 is a criminal statute, through which no private cause of action is created"); *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001) ("[T]he Court deems the Plaintiff's claim for relief pursuant to 18 U.S.C. §§241-242 unmeritorious because those statutes do not create a civil cause of action enforceable by the Plaintiff." (citation omitted)); *see also Stern v. Halligan*, 158 F.3d 729, 731 n.1 (3d Cir. 1998) (pointing out that the district court correctly "granted summary judgment on the 18 U.S.C. § 241 claim because there is no private cause of action under the criminal statute" (citing *Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987))). Accordingly, the court will dismiss Daniels's claims for purported violations of 18 U.S.C. §§241 and 242.

### 2.   Claims for Violations of the Pennsylvania Constitution

As indicated above, Daniels seeks monetary damages from Defendants for their alleged violations of his rights under Article I, Sections 8 and 9 of the Pennsylvania Constitution. (Doc. 12 at 5.) Defendants move to dismiss these claims because there is no private right of action for damages under the Pennsylvania Constitution. The Court agrees.

The Third Circuit Court of Appeals has repeatedly determined that there is no private right of actions for damages for violations of the

Pennsylvania Constitution. *See Moss v. Pennsylvania*, 838 F. App'x 702, 708 (3d Cir. 2020) (unpublished) ("Moreover, to the extent that Moss alleged violations of the Pennsylvania Constitution, he failed to state a claim, as Pennsylvania does not recognize a private right of action for damages in a lawsuit alleging a violation of the Pennsylvania Constitution." (citing *Jones v. City of Philadelphia*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006))); *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (unpublished) ("To the extent that Miles intended to allege violations of the Pennsylvania Constitution, he failed to state a claim, as Pennsylvania does not have a statutory equivalent to §1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." (citing *Gary v. Braddock Cemeter*y, 517 F.3d 195, 207 n.4 (3d Cir. 2008))); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011)  (unpublished) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution."). Accordingly, the Court will grant Defendants' motion to dismiss Daniels's claims for purported violations of the Pennsylvania Constitution and dismiss those claims.

**C.    Screening of Daniels's Section 1983 Claims Under 28 U.S.C. §1915(e)(2)(B)**

Daniels asserts Section 1983 claims for violations of his rights under the Fourth, Eighth, Thirteenth, and Fourteenth Amendments. (Doc. 12 at 5.) The entirety of Daniels's factual allegations in support of these claims are (1) he filed a grievance to which he should have received a response by June 29, 2023, (2) Newberry did not respond to his grievance until July 7, 2023, and (3) no criminal charges were filed against him on August 27, 2021. (*Id.* at 4–5.) As Defendants argue in their motion to dismiss, these allegations in whole or in part, fail to plead a plausible Section 1983 claim against any Defendant for a constitutional violation. (Doc. 19 at 5–14.) However, there is a fundamental flaw with Daniels's Section 1983 claims that goes beyond his failure to allege Defendants' personal involvement or plead facts to satisfy any element of a violation under the Fourth, Eighth, Thirteenth, and Fourteenth Amendments. This fundamental flaw is that Daniels's Section 1983 claims all relate to his belief that he is unlawfully imprisoned because no criminal charges were ever filed against him on August 27, 2021, and he cannot maintain such claims because he does not, and cannot, allege that whichever state proceedings led to his incarceration have been invalidated.

In this regard,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff *must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.*

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (emphasis added) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "Thus, when a [plaintiff] seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Here, Daniels seeks monetary damages under Section 1983 for alleged constitutional violations, and any judgment in his favor in this case would require a determination that either his conviction, sentence, or parole

revocation is invalid because his Section 1983 claims are based on the premise that he is unlawfully incarcerated insofar as "no charges were ever filed on 8-27-2021." (Doc. 12 at 5.); *see also Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (concluding that Heck extends to parole matters). Even his allegations about Newberry not timely responding to his grievance, which Daniels believes constitutes Defendants' default as to that grievance, pertain to his belief that he is unlawfully incarcerated. *See* (*id.* at 5 ("All defendants put me in serious risk of harm when no charges were ever filed on 8-27-2021 like stated in the defaulted grievance that was not answer [sic] in a timely fashion.")). By (incorrectly) asserting that Defendants are in default, *i.e.*, they admitted to his allegations in the grievance by failing to timely respond to it, Daniels is contending that Defendants have admitted that he is unlawfully incarcerated. *See* (*id.*).

Overall, Daniels's attempt to obtain damages for his allegedly unlawful incarceration, where he has not alleged that the state proceedings resulting in his incarceration were invalidated in some fashion, is barred by *Heck*. Accordingly, the Court will dismiss Daniels's Section 1983 claims against Defendants under Section 1915(e)(2)(B)(ii).

### D.    Leave to Amend

Having determined that Daniels's claims against Defendants in his amended complaint are subject to dismissal, the Court must decide whether to grant him leave to file a second amended complaint. Although district courts should generally give leave to amend, they may dismiss an amended complaint with prejudice where leave to amend would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does *not* seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that [they have] leave to amend within a set period of time, unless amendment would be inequitable or futile."). "In determining whether [amendment] would be futile, the district court applies the same standard of legal sufficiency as [it] applies under Fed. R. Civ. P. 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Here, the Court finds that it would be futile for Daniels to file a second amended complaint. Daniels cannot plead any factual allegations that would

permit him to proceed on his claims seeking money damages for violations of the Criminal Code or the Pennsylvania Constitution. Thus, the Court will dismiss those claims with prejudice.

As for his Section 1983 claims, Daniels cannot get past the *Heck* bar by plausibly alleging in a second amended complaint that those state proceedings have been invalidated because (1) the state courts have rejected his challenges to those proceedings, *see, e.g.*, *Daniels v. Pa. Parole Bd.*, No. 490 C.D. 2023, 2024 WL 2846437 (Pa. Commw. Ct. June 5, 2024) (affirming Parole Board's decision to, *inter alia*, "recommit him to a state correctional institution as a convicted parole violator . . . to serve six months' backtime"), *appeal denied*, No. 298 MAL 2024, 2025 WL 443022 (Pa. Feb. 10, 2025); *Commonwealth v. Daniels*, No. 1495 MDA 2022, 2023 WL 6209602 (Pa. Super. Ct. Sept. 25, 2023) (affirming dismissal of Daniels's petition for relief under Pennsylvania's Post Conviction Relief Act), *reargument denied* (Dec. 6, 2023), *appeal denied*, 322 A.3d 1284 (Table) (Pa. 2024); and (2) he is currently challenging his incarceration in a habeas petition under 28 U.S.C. §2254 that is also assigned to the undersigned, *see Daniels v. Brittain*, No. 24-cv-01409 (M.D. Pa.), ECF No. 1. Therefore, although the Court must dismiss Daniels's Section 1983 claims barred by *Heck* without prejudice, *see Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir.

2016) (explaining that district court must dismiss without prejudice claims barred by *Heck*), the Court will not grant him leave to replead those claims in a second amended complaint.

## IV.   CONCLUSION

For the above reasons, the Court will deem withdrawn Daniels's duplicate motions to amend his complaint and his motion for the Court to take judicial notice due to his failure to file briefs in support of those motions. The Court will also grant Defendants' motion to dismiss to the extent they seek dismissal of Daniels's claims under the Criminal Code and the Pennsylvania Constitution, and the Court will dismiss those claims with prejudice. The Court will deny as moot Defendants' motion to dismiss Daniels's Section 1983 claims, but will also dismiss those claims without prejudice because they are barred by *Heck*. Daniels will not receive leave of Court to file a second amended complaint. An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 12, 2025**
23-1540-01

- 20 -